1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEANNA Z.,

              Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

CASE NO. C22-508-BAT

**ORDER REVERSING AND
REMANDING THE
COMMISSIONER'S FINAL DECISION**

13

14

15

16

17

       Plaintiff appeals the ALJ's decision denying her application for Supplemental Security Income. She contends the ALJ erroneously determined residual functional capacity ("RFC"), and misevaluated certain medical opinions. Dkt. 10 at 1. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further proceedings under sentence four of 42 U.S.C. § 405(g).

18

**BACKGROUND**

19

20

21

22

23

       Plaintiff is currently 52 years old, has a high school diploma, and has worked as a companion, food sales clerk, cashier/checker, appointment clerk, payroll clerk, hotel clerk, and office routine clerk. Tr. 330, 722. In October 2014, she applied for benefits, alleging disability as of January 2, 2007. Tr. 287-301. Her application was denied initially and on reconsideration. Tr.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
FINAL DECISION - 1

1  185-92, 200-05. The ALJ conducted hearings in June 2017 and January 2018 (Tr. 50-113), and

2  subsequently issued a decision finding Plaintiff not disabled.  Tr. 28-43.

3          The Appeals Council denied Plaintiff's request for review (Tr. 1-7), but the U.S. District

4  Court for the Western District of Washington granted the parties' stipulation to reverse ALJ's

5  decision and remand for further administrative proceedings. Tr. 830-31. On remand, a different

6  ALJ held a hearing in October 2021 (Tr. 734-91) and issued a decision finding Plaintiff not

7  disabled.  Tr. 706-24.

8                                            **DISCUSSION**

9  **A.       Plaintiff's RFC for a Reduced Range of Light Work**

10         The ALJ found Plaintiff has the RFC to *inter alia* stand/walk up to two hours and sit for

11  up to six hours in an eight-hour workday, and was thus capable of "light work" with additional

12  limitations. *See* Tr. 712. Plaintiff contends the ALJ mischaracterized a "sedentary" RFC as a

13  "light" RFC to avoid finding her disabled under the Medical-Vocational Guidelines ("the

14  Grids"). Dkt. 10 at 3.

15         Plaintiff's RFC is between the exertional categories of sedentary and light, because the

16  standing/walking capabilities are not consistent with the full range of light work, but the

17  lifting/carrying capabilities are. *See* 20 C.F.R. § 416.967 (defining sedentary and light work);

18  Social Security Ruling ("SSR") 83-10, 1983 WL 31251 at *5-6 (Jan. 1, 1983) (same). In

19  situations where a claimant's RFC is between categories, agency guidance instructs the ALJ to

20  consult with a vocational expert ("VE"), which the ALJ did in this case.  *See* SSR 83-12, 1983

21  WL 31253 (Jan. 1, 1983). The VE testified Plaintiff's RFC would allow her to perform a number

22  of light and sedentary jobs. *See* Tr. 783-90. Plaintiff has not shown the ALJ erred in relying on

23  VE testimony to find at step five that Plaintiff could perform a number of representative

1    occupations and thus was not disabled.  *See Moore v. Apfel*, 216 F.3d 864, 870-71 (9th Cir.

2    2000) (finding that where a claimant's RFC falls between light and sedentary, the Grids serve as

3    a framework and the ALJ should consult a VE).

4    **B.      The ALJ's Assessment of Medical Opinion Evidence**

5             Plaintiff contends the ALJ misevaluated the opinions of Tatyana Shepel, Psy.D. Dr.

6    Shepel examined Plaintiff in April 2015, Tr. 626-31 and found, during her examination, Plaintiff

7    "appeared to be alert, cognitively intact, socially appropriate, and adequate in tracking and

8    processing of information.  [Plaintiff] did demonstrate mild attention and immediate memory

9    deficits. However, her cognitive functioning and decision-making are not an area of concern at

10   this time."  Tr. 630. Dr. Shepel noted, however, Plaintiff suffers from acute anxiety attacks and is

11   unable to utilize public transportation and her depressive symptoms cause her to overeat, socially

12   isolate and neglect self-care. Tr. 626, 630. Dr. Shepel stated, in light of these reported

13   limitations, "[i]t is more likely that [Plaintiff] might not be able to obtain and hold a full time

14   job[.]"  Tr. 630.

15           The ALJ gave weight to Dr. Shepel's opinion suggesting Plaintiff should be limited to

16   simple tasks with limited public contact. Tr. 716. However, the ALJ rejected Dr. Shepel's other

17   opinions on the grounds the doctor opinions are an issue reserved to the Commissioner; Dr.

18   Shepel "relied primarily on the claimant's subjective reports" regarding inability to take public

19   transportation and her plaintiff's pain complaints; and the doctor's mental status examination

20   findings were unremarkable and not consistent with an inability to perform work. Tr. 719-20.

21           The ALJ erred in rejecting Dr. Shepel's opinions as intruding on an issue reserved to the

22   Commissioner. Dr. Shepel did not opine Plaintiff was "disabled" and instead described specific

23   limitations that the doctor opined limited Plaintiff's ability to work.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
FINAL DECISION - 3

1    The ALJ also erred in rejecting Dr. Shepel's opinion as relying primarily on Plaintiff's

2    statements. Rather, the doctor stated that based upon test results, history and behavioral

3    observations, Plaintiff has major depressive disorder, chronic recurrent and generalized anxiety

4    disorder; that these mental disorders are acute and debilitating and interfere with Plaintiff's

5    social, personal, and occupational functioning. Tr. 630. Hence substantial evidence does not

6    support the ALJ's finding that the doctor's opinion merely repeats a limitation that Plaintiff;

7    rather the doctor opined the severity of Plaintiff's mental conditions limited Plaintiff's

8    functioning.

9    The ALJ further erred in finding the doctor's mental status examination findings

10   inconsistent with the doctor's opinions. Those findings focused on Plaintiff's cognitive

11   functioning (orientation, attention, judgment). Dr. Shepel did not opine Plaintiff was cognitively

12   unable to perform work. In fact Dr. Shepel stated Plaintiff's "cognitive functioning and decision

13   making are not areas of concern at this time." Tr. 630.  Rather the doctor's opinion about

14   Plaintiff's limitations is based upon the severity of  Plaintiff's depression and anxiety symptoms.

15   Plaintiff also contends the ALJ erroneously rejected the two opinions rendered by Shawn

16   Kenderdine, Ph.D. Dr. Kenderdine first examined Plaintiff in March 2018 and opined Plaintiff

17   was markedly limited in her ability to make simple work-related decisions and complete a

18   normal workday/workweek, but that her other limitations were mild or moderate. Tr. 1075-79.

19   The ALJ rejected Dr. Kenderdine's opinions finding the doctor failed to explain the basis for her

20   conclusions, and her notes are inconsistent with those conclusions because they suggest that

21   Plaintiff interacted appropriately during the examination, she gave forth good effort on testing,

22   and the mental status examination revealed intact memory, concentration, and attention.  Tr. 720.

23   Substantial evidence does not support the ALJ's findings. Dr. Kenderdine found that

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
FINAL DECISION - 4

1    Plaintiff's "BAI" [Beck Anxiety Inventory] was in the severe range with elevations on both

2    physical and psychiatric sx [symptoms]." While the doctor's report is not detailed this finding

3    provides a basis for the doctor's opinion. Rather than simply rejecting the opinion outright, the

4    ALJ should have requested further development.

5         The ALJ also erred in rejecting Dr. Kenderine's opinion as overly reliant on Plaintiff's

6    self-reporting. As noted above, Dr. Kenderdine made observations and administered the BAI

7    which informed her opinion. Substantial evidence does not support a finding the doctor merely

8    parroted a limitation that Plaintiff mentioned. The ALJ further erred in rejecting the opinion as

9    inconsistent with the mental status examination the doctor performed. De. Kenderdine's opinion

10   about Plaintiff's limitations are based upon the severity of anxiety/depressive symptoms, not

11   Plaintiff's cognitive functioning as revealed in the mental status examination.

12        Dr. Kenderdine examined Plaintiff a second time, in May 2020, and opined Plaintiff was

13   markedly limited in her ability to communicate and perform effectively at work, but that her

14   other limitations were mild or moderate. Tr. 1225-29. The ALJ gave little weight to this opinion,

15   finding Dr. Kenderdine did not explain or support her opinion and they are inconsistent with the

16   mental status examination findings showing "polite and cooperative behavior with logical and

17   linear sentence construction."  Tr. 720-21.

18        Plaintiff argues and the Court agrees the ALJ erred because the two opinions that Dr.

19   Kenderdine provided when read as a whole provide sufficient support for the opinions. *See* Dkt.

20   10 at 10-13.  But the ALJ provided additional, valid reasons to discount Dr. Kenderdine's

21   opinions, namely the inconsistency between Dr. Kenderdine's observations and conclusions, as

22   well as the limited duration of Dr. Kenderdine's 2018 opinion.  The Court also finds that the

23   mental status examination findings are not substantial evidence contradicting Dr. Kenderdine's

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
FINAL DECISION - 5

1    opinions. Dr. Kenderdine in fact found Plaintiff has mild or no limitations in the following areas:

2    the ability to understand, remember, persist in tasks following short and simple instructions;

3    learn new tasks, perform routine tasks; be aware of normal hazards; and ask simple questions.

4    These opinions tend to track with the mental status examination findings. The Court accordingly

5    finds the ALJ erred in rejecting Dr. Kenderdine's opinions.

6         Plaintiff further contends the ALJ erred in discounting the opinions of William Fuller,

7    LMHP. Mr. Fuller, Plaintiff's treating mental health counselor, opined in April 2020 that

8    Plaintiff had severe or undeterminable functional limitations. Tr. 1159-62. The ALJ discounted

9    Mr. Fuller's opinion because his ratings were provided in checkbox format without explanation,

10   and because his ratings were markedly inconsistent with the ratings provided by Dr. Kenderdine

11   just a month later. Tr. 721. The ALJ noted Mr. Fuller did not perform a contemporaneous mental

12   status examination, and found his conclusions were inconsistent with Plaintiff's longitudinal

13   records, which show consistent attendance at appointments and only moderate symptoms. *Id*.

14        Plaintiff argues that although the DSHS form that Mr. Fuller completed does not provide

15   space for explanation, the ALJ should have considered Mr. Fuller's opinion in the context of his

16   treatment notes, which explain his conclusions. Dkt. 10 at 15. The ALJ did consider Mr. Fuller's

17   opinion in the context of the longitudinal record, however, and Plaintiff has not shown the ALJ

18   erred in finding the opinion to be inconsistent with the record. *See* Tr. 721.

19        Plaintiff also argues the ALJ erred in contrasting Mr. Fuller's opinion with Dr.

20   Kenderdine's opinion because Mr. Fuller's opinion was informed by his years of treating

21   Plaintiff, whereas Dr. Kenderdine did not have access to any records. Dkt. 10 at 15. Although

22   this may be one possible interpretation of the record, Plaintiff has not shown that the ALJ was

23   unreasonable in finding (as did the medical expert (Tr. 756)) that Dr. Kenderdine's conclusions

1   (along with other evidence) were different enough from Mr. Fuller's conclusions so as to

2   undermine Mr. Fuller's opinion. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599

3   (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is

4   the ALJ's conclusion that must be upheld."). Furthermore, while Plaintiff emphasizes that Dr.

5   Kenderdine's and Dr. Shepel's opinions would support a finding of disability and is thus not

6   inconsistent with Mr. Fuller's opinion overall (Dkt. 10 at 15, 17), the ALJ properly discounted

7   the disabling limitations identified in those opinions (as explained *supra*) and thus any

8   consistency between Mr. Fuller's conclusions and the examining psychologists' conclusions

9   would not bolster Mr. Fuller's opinion.

10       Plaintiff also contends that there is no basis to conclude that Mr. Fuller did not perform a

11   mental status examination (Dkt. 10 at 16), but Mr. Fuller's comments in the "mental status

12   examination" portion of the form opinion do not reference findings pertaining to objective

13   measures such as orientation, memory or concentration testing, or ability to interpret a proverb.

14   *See* Tr. 1161-62. It was reasonable for the ALJ to find that Mr. Fuller's "examination findings"

15   appear to be conclusions based on his treatment relationship rather than a contemporaneous

16   examination. Tr. 721.

17       Although Plaintiff urges the Court to reweigh Mr. Fuller's opinion in a manner more

18   favorable to her, she has not met her burden to show that the ALJ's reasons for discounting Mr.

19   Fuller's opinion were not germane. Accordingly, the Court affirms the ALJ's determination

20   regarding Mr. Fuller.

21                              **CONCLUSION**

22

23

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
FINAL DECISION - 7

1      For the foregoing reasons, the Commissioner's final decision is **REVERSED,** and this

2  case is **REMANDED** with for further administrative proceedings under sentence four of 42

3  U.S.C § 405(g).

4      The Court has affirmed the ALJ's determination regarding Mr. Fuller. On remand, the

5  ALJ shall reevaluate the opinions of Drs. Shepel and Kenderdine; develop the record and

6  redetermine RFC as needed; and proceed to the remaining steps as appropriate. prejudice.

7      DATED this 30th day of November, 2022.

8

9                                          _____
                                           BRIAN A. TSUCHIDA
10                                         United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
FINAL DECISION - 8